IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CODY HAWKE RITESMAN                                                                    PLAINTIFF

    v.                              Civil No. 5:22-cv-05219-TLB-CDC

OFFICER CENA; CORPORAL
CORLEY; CORPORAL MULVANEY; and
LIEUTENANT BRIAN ATCHLEY                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.   DISCUSSION

Plaintiff filed his Complaint to initiate this action on October 25, 2022. (ECF No. 1). When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

After Plaintiff filed an Amended Complaint on November 2, 2022, service was directed on the Defendants. (ECF Nos. 6 & 7). An Initial Scheduling Order was issued on December 8, 2022. (ECF No. 11). On June 8, 2023, Defendants filed a Motion for Summary Judgment. (ECF Nos. 22-24). The following day, an Order was entered giving Plaintiff detailed and explicit instructions regarding what was required of him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 25). Plaintiff's response to Defendants' Motion was due by June 30, 2023. *Id.*

Plaintiff did not file his summary judgment responses. No mail had been returned as undeliverable to the Plaintiff. Plaintiff had not sought an extension of time to respond.

As a matter of procedural fairness and to give Plaintiff another opportunity to comply with the Court's Orders, a Show Cause Order was entered. (ECF No. 26). Plaintiff was given until June 26, 2023, to respond. Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

On July 5, 2023, and July 17, 2023, mail sent to Plaintiff at the address of record, the LeFlore County Detention Center in Poteau, Oklahoma, was returned as undeliverable. (ECF No. 27 & 28). Plaintiff had thirty days from the Court's receipt of the first item of returned mail to provide the Court with a new address. The thirty-day period of time passed on August 4, 2023.

To date, Plaintiff has not provided a new address or contacted the Court in any way. The last thing filed by Plaintiff was a notice of change of address filed on December 14, 2022.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R.

2

Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## II.     CONCLUSION

For these reasons, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of August 2023.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE